**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WILLIAM PRAILEAU,

                                                    Plaintiff,

         - v -                                          Civ. No. 9:10-CV-1051
                                                                     (NAM/RFT)

PETER HILLS, *Correctional Officer at Cape Vincent*
*Correctional Facility*,

                                                   Defendant.

**APPEARANCES:**                                         **OF COUNSEL:**

WILLIAM PRAILEAU
Plaintiff, *Pro Se*
P.O. Box 4750
Schenectady, New York 12304

HON. ERIC T. SCHNEIDERMAN                    ROGER W. KINSEY, ESQ.
Attorney General for the State of New York       Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

       This *pro se* civil rights action commenced on August 31, 2010, with the filing of a civil rights Complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1, Compl. The Complaint alleges constitutional violations against eight Defendants, seven of whom were *sua sponte* dismissed by the Honorable Norman A. Mordue, then-Chief United States District Judge, for failure to state a cognizable claim. Dkt. No. 11. The claim for retaliation against Defendant Peter Hills was approved to go forward and Defendant Hills joined the action by filing an Answer. Dkt. No. 21.

       After the filing of the Defendant Hill's Answer, this Court issued a Mandatory Pretrial Discovery and Scheduling Order. Dkt. No. 22. In accordance with Federal Rule of Civil Procedure

30(a)(2)(B), the Court's Scheduling Order granted permission for Defendant to take Plaintiff's deposition. *Id*. at pp. 3-4. That portion of the Order sets forth the time frame for which a properly noticed deposition may proceed. It also contained the following admonition:

> The failure of the Plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to FED. R. CIV. P. 37. Objections made in good faith in accordance with governing rules are not prohibited.

*Id*. at p. 4.

On February 15, 2012, Defendant's counsel filed a Notice of Deposition and Compliance with the Case Management Plan. Dkt. No. 29. Within this Notice, counsel indicated that he complied with the Court's directives regarding mandatory disclosure and further set the Plaintiff's deposition for February 29, 2012, at Great Meadow Correctional Facility, where Plaintiff at that time was being housed. *Id*. A certificate of service was annexed to the Notice filed with the Court. Dkt. No. 29-1.

Having received no objection as to the date and time proposed for this deposition, Defendant's counsel and a stenographer traveled to Great Meadow on February 29, 2012, with the intention of taking Plaintiff's deposition. Dkt. No. 30-1, Adam W. Silverman, Esq., Decl., dated Apr. 4, 2012, at ¶¶ 6-7. However, upon arriving at the facility, Defendant's counsel was informed that Plaintiff refused to leave his cell to attend the deposition because he claimed to not have received proper notice of the deposition from the Court. *Id*. at ¶ 8. Plaintiff maintained his refusal even after being notified that his behavior could result in dismissal of the action. *Id*. After making a brief statement on the record, counsel concluded the deposition and left the facility. *Id*., Ex. B.

On April 4, 2012, Defendant filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 37(b), due to Plaintiff's failure to attend his scheduled deposition. Dkt. No. 30. A

response to that Motion was due by April 16, 2012, yet no response was forthcoming. In May 2012, a member of this Court's Clerk's Office updated Plaintiff's address with a civilian address provided in a new action initiated by Plaintiff.[1] To ensure that Plaintiff received a copy of the Defendant's Motion, this Court directed Defendant to re-serve his Motion on Plaintiff at the civilian address noted in the Court's Docket and further provided an extension of time, until November 12, 2012, for Plaintiff to respond to the Motion. Dkt. No. 32. That Order also contained the following warning:

> **Plaintiff is warned that failure to respond may, if appropriate, result in the granting of Defendant's Motion, in which there will be no trial**. *See* N.D.N.Y.L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.")[.]

*Id.* at p. 2 (emphasis in original).

Despite being provided additional time, Plaintiff has not responded to Defendant's Motion. Instead, Plaintiff has sent a nonsensical Notice seeking to distinguish William R. Praileau "of flesh and blood" from "WILLIAM R. PRAILEAU™" as a "separate and distinct person from the . . . natural person" who cannot proceed "WITHOUT AN AGENT." Dkt. No. 34 at pp. 1-2.

Federal Rule of Civil Procedure 37(b)(1) states, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Rule 37 further authorizes an array of sanctions to be imposed

---

[1] On November 15, 2012, Plaintiff filed a Notice of Change of Address in this case, providing a post office box address. Dkt. No. 34. Prior to this filing, Plaintiff had not provided notice in this action that he had been released from prison, as it is his obligation to do so. This Court has confirmed that according to the Department of Corrections and Community Supervision (DOCCS) website, Plaintiff was conditionally released from Great Meadow on parole on May 7, 2012. *See* DOCCS Inmate Information, *available at* http://nysdocslookup.docs.state.ny.us (DIN # 07-A-7059) (last visited November 15, 2012).

when a party fails to comply with a court order. FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R. 1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground for imposition of sanctions."). Included as a sanction in Rule 37(b)(2) is the remedy of dismissal against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v). Sanctions are also available, upon motion, for a party's failure to attend his own deposition. FED. R. CIV. P. 37(d)(1)(A)(i).

Similarly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998), (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant. *Webb v. Bermudez*, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) for the proposition that "dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding.").

In considering whether dismissal is the proper action herein, we must consider the following:

(1) the duration of Plaintiff's failure to comply with the Court's Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether the Defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor alone is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d at 485.

After reviewing Defendant's Motion and the entire Docket Report, we find that Plaintiff has exhibited an apparent unwillingness to participate in this litigation. The Court's Scheduling Order was clear as to what would constitute adequate notice with regard to Plaintiff's deposition. And, in accordance with those parameters, Defendant provided clear notice to Plaintiff as to when his deposition would occur. If Plaintiff had any gripe with the manner in which the notice was received – and we cannot conceive of any legitimate objection – he had ample time to notify the Defendant's counsel prior to the scheduled deposition. Instead, he waited until the moment the deposition was set to commence to notify opposing counsel of his objection, causing Defendant to incur unnecessary costs. It should also be noted that Plaintiff's stated objection – that he never received notice of this deposition from the Court – is totally without merit. As detailed above, the Court already granted permission for Defendant's counsel to take Plaintiff's deposition and set the guidelines for counsel to follow in providing due notice to Plaintiff; Defendant's compliance with that Order obviated any need for this Court to issue a formal notice to the Plaintiff legitimizing what we already deemed legitimate. Plaintiff blatantly refused to participate in his deposition, despite the proper notice provided, even when counsel informed him that he would seek sanctions, which could

include dismissal. Yet, Plaintiff stood steadfast in his refusal, and at no time prior nor subsequent to this event did Plaintiff inform the Court that he had any disagreement with Defendant that would warrant Court intervention. Nor has he bothered to provide the Court with any explanation as to his recalcitrance. Indeed, it appears to this Court that Plaintiff has abandoned his pursuit of this action.

With the passing of the discovery deadline, Plaintiff's behavior has invariably prejudiced the Defendant's ability to properly defend this matter. Plaintiff has patently ignored our Court Order directing him to participate in his deposition in good faith. Such behavior cannot be countenanced. Just as our dictates and admonitions have fallen on deaf ears, so too would imposing less drastic sanctions. Defendant cannot be expected to combat Plaintiff's charges without the benefit of having his testimony recorded before trial and we will not direct Defendant to incur any further unnecessary costs associated with an action that Plaintiff ostensibly, given his failure to defend against the Motion, has no desire to litigate. Given Plaintiff's behavior and inattention to our Court Orders, we are left with only one suitable sanction, dismissal. *See Salahuddin v. Harris*, 782 F.2d at 1132 (dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding).

**WHEREFORE**, after due deliberation and for the reasons stated above, it is

**RECOMMENDED**, that Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 37(b) (Dkt. No. 30) be **granted** and this action be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, & 6(e).

Date:   November 20, 2012
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge